UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - X

INJAH TAFARI,

Plaintiff,

- against -

WILLIAM HUES, et al.,

Defendants.

- - - - - - - - - - - - - - - - - - - - X

04 Civ. 5564 (WCC)

**OPINION**
**AND ORDER**

**A P P E A R A N C E S :**


INJAH E. TAFARI
**Plaintiff *Pro Se***
#89-A-4807
Five Points Correctional Facility
P.O. Box 119
Romulus, New York 14541

ANDREW M. CUOMO
ATTORNEY GENERAL OF THE STATE
OF NEW YORK
**Attorneys for Defendants**
120 Broadway - 24th Floor
New York, New York 10271

JOHN E. KNUDSEN,
Ass't Attorney General

Of Counsel


**Copies Mailed to Counsel of Record**

**CONNER, Senior D.J.:**

Plaintiff, Injah Tafari, an inmate at Eastern Correctional Facility, in Napanoch, New York, filed this 42 U.S.C. § 1983 complaint alleging mistreatment by employees of the Green Haven Correctional Facility, in Stormville, New York, where he was previously incarcerated. We granted Tafari *in forma pauperis* ("IFP") status but revoked it upon defendants' motion pursuant to the "three strikes" provision of 28 U.S.C. § 1915(g). Tafari appealed on the issue of whether a dismissal for lack of appellate jurisdiction over a non-final order was a strike under section 1915(g). The Second Circuit held that "the PLRA's 'three strikes' provision does not encompass a dismissal for filing a premature notice of appeal." *Tafari v. Hues*, 473 F.3d 440, 444 (2d Cir. 2007). Following remand, defendants again move this Court to revoke Tafari's IFP status pursuant to section 1915(g). For the reasons stated below, defendant's motion is denied.

## BACKGROUND

In September 2000, Tafari filed a section 1983 complaint in this Court. We granted Tafari IFP status but dismissed the claims without prejudice for failure to exhaust administrative remedies. In May 2004, after exhausting his administrative remedies, Tafari re-filed his Complaint and we granted him IFP status. Defendants requested that this status be revoked pursuant to section 1915(g). We agreed that Tafari had three strikes and therefore revoked his IFP status.[1] We dismissed the

[1] Those three strikes were based on the following decisions: in *Tafari v. Moscicki*, No. 01-0035 (2d Cir. Aug. 8, 2001) Tafari appealed the district court's dismissal of all his claims for failure to state a claim and the Court of Appeals dismissed the appeal for lack of jurisdiction to review a non-final order; in *Tafari v. Aidala*, No. 00-0405 (W.D.N.Y. Sept. 28, 2001) the district court dismissed the complaint for failure to state a claim and certified that any appeal taken would not be in good faith; and in *Tafari v. Aidala*, No. 01-0279 (2d Cir. Apr. 5, 2002) the Court of Appeals dismissed Tafari's appeal from the district court's decision because it was frivolous.

Complaint in February 2005 for failure to pay the filing fee. Tafari appealed the dismissal on the issue of whether the dismissal for lack of appellate jurisdiction over a non-final order was a strike against him under section 1915(g). The Second Circuit held that a dismissal for filing a premature notice of appeal was not a strike and remanded the case. *Tafari*, 473 F.3d at 444.

On May 25, 2007, defendants again moved this Court to revoke Tafari's IFP status pursuant to the "three strikes" provision. (5/25/07 Defs. Ltr.) Defendants note that the Circuit opinion left Tafari with two strikes, *Tafari v. Aidala*, 00-0405 and *Tafari v. Aidala*, 01-0279. (*Id.*) Defendants contend that plaintiff incurred a third strike when the district court in *Tafari v. Moscicki*, No. 01-0011E (W.D.N.Y. Jan. 26, 2001) dismissed four of plaintiff's claims for failure to state a claim. (*Id.*)[2] Defendants rely on the Supreme Court's recent decision in *Jones v. Bock*, __ U.S. __, 127 S. Ct. 910 (2007) to support their contention that dismissal of a claim for failure to state a claim should count as a strike even if other claims in the complaint are not dismissed. (*Id.*) Defendants argue that, in addressing the issue whether section 1997e(a) requires dismissal of a complaint that raises both exhausted and unexhausted claims, the Court defined the term "action" in the statute as referring not only to an entire complaint, but also to individual claims within a complaint. (*Id.*) Therefore, defendant argues, in interpreting the word "action" in the "three strikes" provision, the "claim by claim approach" the Court used in *Jones* must also apply, and thus if a prisoner has claims dismissed for any of the reasons stated in section 1915(g) this counts as a strike. (*Id.*)

---

[2] We note that the district court in *Tafari v. Moscicki* dismissed the following claims with prejudice for failure to state a claim: plaintiff's allegation that his sentence of confinement was changed; plaintiff's failure to protect claims against certain defendants; plaintiff's claim that he was prevented from getting gifts; and plaintiff's claims against the medical defendants for denial of medical care. Plaintiff was allowed to proceed with the remaining claims. No. 01-0011E (Jan. 26, 2001).

Plaintiff argues that *Jones* has no bearing on this case and a partial dismissal is not a strike. (5/30/07 Pl. Ltr. (citing for support *Barela v. Variz*, 36 F. Supp. 2d 1254 (S.D. Cal. 1999) and *Boriboune v. Litscher*, 2003 WL 23208940 (W.D. Wis. Feb. 24, 2003).)[3]

**DISCUSSION**

Section 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

In enacting the Prison Litigation Reform Act ("PLRA"), Congress's principal intent was to deter frivolous litigation by prisoners. *Tafari*, 473 F.3d at 443. The PLRA's "three strikes" provision furthers this goal by limiting courts' discretion to grant IFP status to prisoners with a record of frivolous litigation. *Id.*; *see Thompson v. D.E.A.*, 492 F.3d 428, 431 (D.C. Cir. 2007).

The issue before us is whether partial dismissal of a complaint for failure to state a claim is considered a strike under section 1915(g); if so, Tafari has three strikes and this Court must revoke his IFP status. Defendants have not cited, nor is the Court aware of, any subsequent decision that

[3] Plaintiff also argues that even if the decision in *Tafari v. Moscicki* were a strike, the decision was issued after he filed the Complaint in this case, and therefore cannot be considered on a motion to revoke IFP status here. Plaintiff asserts that the Complaint he re-filed in 2004 should be consolidated with the initial Complaint filed in 2000 pursuant to Rule 60(b)(6), making 2000 the date of filing this action, preceding the *Moscicki* decision in 2001 and both *Aidala* decisions. Because we determine that a partial dismissal for failure to state a claim is not a strike under section 1915(g) it is not necessary to address plaintiff's argument concerning consolidation of his Complaints.

relies on *Jones* to support a ruling that the term "action" in section 1915(g) of the statute refers to one or more, but less than all, of the claims of a complaint. We will therefore analyze the *Jones* decision in conjunction with prior relevant caselaw to determine if this is the proper interpretation.

The Supreme Court granted certiorari in *Jones* to decide whether an inmate's failure to exhaust administrative remedies under PLRA section 1997e(a),[4] 42 U.S.C. § 1997e(a), was an affirmative defense, whether exhaustion is *per se* inadequate when an individual later sued was not named in the grievance, and whether compliance with the exhaustion requirement as to some but not all claims warranted dismissal of the entire action. 127 S. Ct. at 915-16. It is this last issue that is relevant to our discussion here. The Court concluded that the PLRA does not require dismissal of the entire complaint when a prisoner has failed to exhaust some, but not all, of the claims included in the complaint. *Id*. at 923-26.

The Court began its analysis by noting that the language, "no action shall be brought," appears in a number of statutes, and has not generally been thought to lead to the dismissal of an entire action if a single claim fails to meet a certain standard. *Id*. at 924 (citing statute of limitations and notification requirements for example). Nor has it been read to mean that every claim must meet a particular requirement before an action may proceed. *Id*. (citing jurisdiction prerequisites as an example). "As a general matter, if a complaint contains both good and bad claims, the court proceeds with the good and leaves the bad." *Id*. The Court noted that there was no reason that failure to exhaust one claim necessarily affects any other claims in a PLRA suit because the suits can

---

[4] Section 1997e(a) states: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

combine a variety of discrete claims. *Id*. at 925. The Court looked to section 1997e(e), which states that no action may be brought for mental injury suffered without a prior showing of physical injury, and noted that no case interpreting that provision required dismissal of an entire lawsuit if one claim did not comply. *Id*. Therefore, interpreting the phrase "no action shall be brought" to require dismissal of an entire case under section 1997e(a) but not under 1997e(e) would contravene the rules of statutory construction. *Id*.

Finally the Court decided that a total exhaustion rule would not comport with the purpose of the PLRA to reduce the quantity of inmate suits because it would create an incentive to file separate suits to avoid the possibility of unexhausted claims tainting exhausted claims. *Id*. The Court went on to note that a district judge who had previously examined a complaint and dismissed an entire action for failure to exhaust administrative remedies would be required to begin the process all over again when the prisoner refiles what would most likely be an identical complaint. *Id*. at 926. The Court stated that "[p]erhaps filing fees and concerns about the applicability of the 'three strikes' rule, 28 U.S.C. § 1915(g), would mitigate these effects, but the debate about consequences is close enough that there is no clear reason to depart from the more typical claim-by-claim approach." *Id*.

This language suggests that if an entire suit were dismissed because some claims were not exhausted, the "three strikes" rule would be invoked and the inmate would incur a strike. Therefore, if total exhaustion were the rule, the possibility that a district judge would examine and consider two identical complaints would be decreased by implementation of the "three strikes" rule. The Court apparently presupposes that a partial dismissal does not count as a strike under the "three strikes" provision.

However, because *Jones* did not clearly state whether the term "action" as used in various

sections of the PLRA refers to either an entire action or an individual claim, we look to prior caselaw for guidance.

In one decision within the Second Circuit, *Eady v. Lappin*, the district court stated that a partial dismissal counted as a strike. 2007 WL 1531879, at *2 (N.D.N.Y. May 22, 2007) (finding that plaintiff had two strikes because he filed two prior actions in which various claims were dismissed for failure to state a claim and frivolousness). The court noted that several courts have held that a strike may be charged for partial dismissal of an action on the grounds stated in section 1915(g). *Id*. (citing *Comeaux v. Cockrell*, 72 F. App'x 54, 55 (5th Cir. 2003); *Patton v. Jefferson Corr. Ctr.*, 136 F.3d 458, 463-64 (5th Cir. 1998); *Cross v. Harris*, 2006 WL 3834270, at *3 & n.1 (E.D. Ark. Dec. 29, 2006); *President v. Duplichan*, 2006 WL 2540362, at *5 (W.D. La. June 14, 2006); *Townsend v. Walker*, 2006 U.S. Dist. LEXIS 37723, at *3-4 (S.D. Ill. June 8, 2006); *Shaw v. Weaks*, 2006 WL 1049307, at *6 n.13 (W.D. Tenn. Apr. 20, 2006); *Clemons v. Young*, 240 F. Supp. 2d 639, 640-41 (E.D. Mich. 2003); and *Jones v. Edgar*, 3 F. Supp. 2d 979, 981-82 (C.D. Ill. 1998)). The court also noted that contrary authority existed, supporting the proposition that a strike may not be charged for partial dismissal of an action on the grounds described in section 1915(g). *Id*. (citing *Powells v. Minnehaha County Sheriff Dep't*, 198 F.3d 711, 713 (8th Cir. 1999); *Boyd v. Sherrer*, 2006 WL 1704471, at *2 (D.N.J. June 16, 2006); *Bolden v. Bartley*, 2006 U.S. Dist. LEXIS 31748, at *5-6 (S.D. Ill. May 19, 2006); *Swenson v. MacDonald*, 2006 U.S. Dist. LEXIS 5784, at *8 (D. Mont. Jan. 30, 2006); and *Moore v. Doan*, 1998 WL 887089, at *5 (N.D. Ill. Dec. 10, 1998)). The court, however, did not analyze the reasoning of those decisions, nor discuss the statutory purpose and language of the PLRA.

Examining the cases that support the decision in *Eady*, we note that in some cases the entire

action was dismissed, but the grounds for dismissal listed in section 1915(g) accounted for dismissal of only some of the claims. Those courts stated that the partial dismissal was enough to charge a strike against the plaintiffs. *See Comeaux*, 72 F. App'x at 55 (noting that dismissal of part of the complaint as malicious counted as a strike although the entire case was ultimately dismissed for failure to comply with court orders); *King v. Waller*, 2007 WL 2344960, at *3 (S.D. Miss. Aug. 16, 2007) (counting dismissal of action as strike where one claim was dismissed as frivolous and summary judgment was granted to defendant as to other claim, citing *Comeaux*); *Clay v. Stacks*, 2006 WL 688999, at *3-4 (E.D. Tex. Mar. 15, 2006) (finding that plaintiff had at least three lawsuits dismissed in whole or part as frivolous and so came under the statute, relying on *Comeaux* which "held that partial dismissals of claims as frivolous, even if the remainder of the claims are dismissed on other grounds, can count as strikes").

For example, in *Patton*, the court determined that it was consistent with the intent of the PLRA to count as a strike dismissal of the section 1983 claims as frivolous even though the case also included unexhausted habeas claims. 136 F.3d at 464. The court felt that if it were "to hold otherwise, litigious prisoners could immunize frivolous lawsuits from the 'three strikes' barrier by the simple expedient of pleading unexhausted habeas claims as components of § 1983 suits." *Id.*; *see Cross*, 2006 WL 3834270, at *3 (determining that the requested relief was available only through a petition for writ of habeas corpus after first exhausting state remedies, therefore dismissing without prejudice and commenting in a footnote that it constituted a strike within the meaning of section 1915(g)); *Townsend*, 2006 U.S. Dist. LEXIS 37723, at *4 (finding plaintiff should be charged a strike where only one of his claims was dismissed for failure to state a claim but the others were dismissed for failure to exhaust his administrative remedies); *Shaw*, 2006 WL 1049307, at *6 n.13

(commenting in a footnote that "[t]he fact that some of plaintiff's claims in this action have been dismissed for failure to exhaust does not preclude the imposition of a strike on the basis of claims that were dismissed for failure to state a claim or as frivolous"). However, in *Clemons*, the court stated that "if any of the claims were found to have merit, the presence of frivolous claims would not by themselves draw the action into the circle traced by section 1915(g)." 240 F. Supp. 2d at 641. The court found that a strike should be charged because several claims were dismissed as frivolous and the others were dismissed without prejudice for failure to exhaust administrative remedies. *Id*. at 642 ("The entire purpose of § 1915(g) would be subverted if prisoners could skirt its procedural bar merely by appending unexhausted claims to a complaint otherwise subject to summary dismissal on the merits.").

Other cases determining that plaintiffs incur strikes for partial dismissals did not analyze the caselaw or cite any support for the proposition. *See President*, 2006 WL 2540362, at *5 (stating it was "clear" that plaintiff was barred by the "three strikes" provision because he had at least three previous civil actions dismissed in whole or in part as frivolous, malicious, or for failing to state a claim); *Jones*, 3 F. Supp. 2d at 982 (determining that dismissal of one count for failure to state a claim and of another for lack of standing counted as a strike under the PLRA).

In cases holding that partial dismissals did not count as strikes, courts have found that although some claims were dismissed for reasons specified in section 1915(g), some proceeded on the merits and therefore no strike was issued. *See Powells*, 198 F.3d at 713 (reversing one of the district court's dismissals, finding that some of the plaintiff's allegations stated a claim, but affirming dismissal of the remaining claims, stating that one of the strikes against plaintiff was thereby eliminated); *Bolden*, 2006 U.S. Dist. LEXIS 31748, at *5 (noting that the practice was to charge

strikes only when an entire action was dismissed for one of the reasons listed in § 1915(g), not when a particular claim in the complaint was dismissed); *Moore*, 1998 WL 887089, at *5 (finding there was no authority to support defendant's assertion that the partial dismissal should be counted as a strike under § 1915(g); dismissing a claim or a party from a case is not dismissing an action). For example, in *Thompson*, the D.C. Circuit acknowledged that actions containing at least one claim falling within none of the "three strike" categories do not count as strikes because section 1915(g) speaks of the dismissal of "actions and appeals," not "claims." 492 F.3d at 432 ("Indeed, it would make no sense to say--where one claim within an action is dismissed for failing to state a claim and another succeeds on the merits--that the 'action' had been dismissed for failing to state a claim.")

The issue of whether a plaintiff incurs a strike for partial dismissal has also been examined in the context of joint litigation. The Seventh Circuit, in *Boriboune v. Berge*, determined that district courts must accept complaints filed by multiple prisoners if the criteria of permissive joinder are satisfied. 391 F.3d 852, 855 (7th Cir. 2004). The court went on to state that district courts might want to caution litigants in joinder suits about the risks under section 1915(g) of incurring strikes of co-plaintiffs. *Id*. at 856. On remand, the district court found that the strikes charged to two petitioners were recorded against the other petitioners as well. *Boriboune v. Berge*, 2005 U.S. Dist. LEXIS 11480, at *19-20 (W.D. Wis. June 1, 2005). The court concluded that the Court of Appeals did not intend to suggest that courts impose strikes for meritless claims, only meritless actions. *Id*. at *15. It noted that the Court of Appeals had never before used the word "claim" to mean an action in the context of § 1915(g). *Id*. at *13. Further, the Court of Appeals had recognized that complaints can include claims which might be dismissed as meritless and others that might progress to summary judgment or trial. *Id*. Moreover, if each legally meritless claim were to count as a strike, courts

might issue strikes against a prisoner simply by taking a liberal approach to the factual allegations in their complaints. *Id*. at *14. The court decided that the most reasonable interpretation of the Court of Appeal's holding was that an "action" in the context of a group complaint is "the total accumulation of a particular litigant's claims within the lawsuit." (noting that because there were five co-petitioners in a group prisoner complaint, there were effectively five actions). *Id*. at *16 (internal quotation marks omitted); *see also Boyd*, 2006 WL 1704471, at *2 (concluding that joinder of prisoner claims was not appropriate because it would permit all plaintiffs to avoid the risk of a strike under § 1915(g) if even one plaintiff states a claim, because a strike is imposed only if the entire action is dismissed); *Swenson*, 2006 U.S. Dist. LEXIS 5784, at *8 (deciding not to allow plaintiffs to proceed jointly in the action because it would limit a frivolous claimant's exposure under § 1915(g) if his claims were joined with others that may be meritorious because the statute does not impose strikes on a per-claim basis but on a per-case basis).

The Ninth Circuit, in *Lira v. Herrera*, 427 F.3d 1164 (9th Cir. 2004), engaged in an in-depth discussion of the term "action" as it appears in section 1997e. In deciding whether section 1997e(a) required district courts to dismiss an entire action because there was an unexhausted claim (the same issue the Supreme Court decided in *Jones*), the Ninth Circuit looked to section 1997e(c), finding that Congress ordered dismissal of certain defective suits and claims but did not specify that mixed actions must be dismissed. *Id*. at 1171. The Court noted that if § 1997e(a) demands a total exhaustion-dismissal rule because it uses the word "action," then § 1997e(c)(1), because it uses that same word, must also require dismissal of the entire case if any claim is frivolous, malicious, or fails to state a claim. *Id*. at 1172. But the Court rationalized that § 1997e(c)(1) must apply only when all the claims meet the statutory standard for dismissal, not when only some of them do, otherwise §

1997e(c)(2),[5] contemplating the dismissal of individual frivolous claims, would be unnecessary. *Id.* Because basic rules of statutory construction require courts avoid interpreting a section of a statute in such a way that would make other sections redundant, the court could not attribute to the use of the term "action" in the PLRA such meaning that the entire case must be dismissed if it contains both valid and invalid causes of action. *Id.* "To the contrary, while 'action' in the PLRA refers to the case as a whole, the statute consistently uses the term in a manner that contemplates dismissing the entire action only if the entire action fails to meet statutory standards." *Id.* at 1173.

Because the Ninth Circuit examined the particular language in the dismissal section of the PRLA in light of the exhaustion requirement section, and because the Supreme Court in *Jones* presupposes that partial dismissals are not considered strikes, we do not think that the Supreme Court intended to rule that wherever the PLRA uses the term "action" it means either an entire action or an individual claim. We think the Second Circuit would agree.

In deciding whether "failure to state a claim" in sections 1997e(c)(2) and 1915(g) included failure to exhaust administrative remedies, the Second Circuit in *Snider v. Melindez* looked at the purposes of section 1997e(c)(2) and of the "three strikes" provision of section 1915(g) and determined that the dismissal contemplated in those provisions was "one that *finally* terminates the action because of a determination that it ultimately cannot succeed." 199 F.3d 108, 111-12 (2d Cir. 1999) (emphasis in original) ("[W]e believe section 1915(g)'s mandate that prisoners may not qualify for IFP status if their suits have thrice been dismissed on the ground that they were 'frivolous, malicious, or fail[ed] to state a claim' was intended to apply to nonmeritorious suits dismissed with

[5] Section 1997e(c)(2) states: "In the event that a claim is, on its face, frivolous, malicious, fails to state a claim upon which relief can be granted . . . the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies."

prejudice . . . because of a determination that [they] ultimately cannot succeed . . . not suits dismissed without prejudice for failure to comply with a procedural prerequisite."). The court therefore concluded, that failure to state a claim did not include failure to exhaust administrative remedies, "at least absent a finding that the failure to exhaust permanently bars the suit." *Id.* at 112.

The Second Circuit opinion remanding this case also looked to *Snider*. The Court determined that a premature appeal is not based on a determination that it ultimately cannot succeed, and thus cannot be considered frivolous within the meaning of section 1915(g). *Tafari*, 473 F.3d at 443. The Court also found that a jurisdictional defect is not a "clearly baseless suit[] with which Congress was concerned when passing the PLRA." *Id.* at 444. Because of the complexity of appellate jurisdiction, "it is unlikely that assigning a 'strike' for such an appeal would have the deterrent effect Congress envisioned in enacting the PLRA." *Id.* (noting the "three strikes" provision was designed to accomplish the goal of deterring frivolous prisoner lawsuits and appeals by forcing prisoners to consider whether filing a suit is worth the costs).

In *Ortiz v. McBride*, the Second Circuit did not think that a requirement that district courts dismiss "mixed" actions containing both exhausted and unexhausted claims in their entirety would help achieve Congress's goal to "'reduce the quantity and improve the quality of prisoner suits,' or to 'help bring relief to a civil justice system overburdened by frivolous prisoner lawsuits.'" 380 F.3d 649, 658, 663 (2d Cir. 2004) (citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002); 141 Cong. Rec. 26,553 (1995) (statement of Sen. Hatch)).

To impose a strike for dismissal of a claim because it is frivolous, malicious or fails to state a claim, while permitting the plaintiff to proceed with the remaining claims within the complaint, would not serve the purpose of deterring frivolous litigation. As the Second Circuit noted, the

purpose of section 1915(g) is to charge a strike upon determination that the action can not ultimately succeed. If some claims have merit they will proceed, and the amount of frivolous litigation therefore has not been reduced, and the rationale for charging a strike does not apply. In the interest of reaching a balance between enabling prisoners to bring meritorious suits and reducing the burden on the courts of frivolous suits, strikes should be imposed only when entire actions are dismissed for one of the stated reasons within section 1915(g).

Although, as defendants argue (7/5/07 Defs. Ltr.), the above cases were decided before *Jones*, we find that they represent the current state of the law because *Jones* did not decide the issue in this case, nor did it decide that the term "action" throughout the PLRA means either action or claim. Additionally, we find the language of *Jones* consistent with our determination in as much as *Jones* presupposes that partial dismissals are not strikes under section 1915(g). Given the Second Circuit precedent concerning related PLRA provisions, we think a ruling that plaintiffs do not incur strikes for partial dismissals for reasons within section 1915(g) is consistent with the purpose and intent of the PLRA.

Because partial dismissal of the claims for failure to state a claim in *Tafari v. Moscicki* is not a strike under section 1915(g), Tafari has not incurred three strikes and he is entitled to IFP status.

## CONCLUSION

For all the foregoing reasons, defendants' motion to revoke plaintiff's *in forma pauperis* status pursuant to 28 U.S.C. § 1915(g) is denied.

SO ORDERED.

Dated: White Plains, New York
March 3, 2008

William C. Conner
Sr. United States District Judge